UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM J. WALLACE, | : |
| Plaintiff, | : CIVIL ACTION<br>: NO. |
| v. | : |
| WESLEYAN UNIVERSITY, | : NOVEMBER 6, 2023 |
| Defendant. | : |

## NOTICE OF REMOVAL

TO PLAINTIFF WILLIAM J. WALLACE, HIS ATTORNEY OF RECORD, AND TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant Wesleyan University ("Defendant" or "Wesleyan"), by and through its attorney, Patricia E. Reilly of Murtha Cullina LLP, hereby gives notice of its removal of this case from the Connecticut Superior Court, Judicial District of Middlesex at Middletown (Docket No. MMX-CV23-6039169-S), to this Court, pursuant to 28 U.S.C. § 1441 et seq.  Removal is proper, as this Court has original jurisdiction over the claim pursuant to 28 U.S.C. § 1331.  Defendant respectfully represents to the Court as follows:

1. This civil action was brought against Defendant Wesleyan University in the Connecticut Superior Court for the Judicial District of Middlesex at Middletown, 1 Court Street, Middletown, Connecticut, by way of a Summons and Complaint dated October 23, 2023 with a return date of November 28, 2023.  True copies of process

and pleadings served to date on Defendant are attached hereto at <u>Exhibit A</u>.  Plaintiff returned this action to the Superior Court on October 27, 2023.

2.	Defendant was served with a copy of the Summons and Complaint on October 24, 2023.  Therefore, as this Notice is filed within 30 days of Defendant's receipt of process, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3.	No other pleadings, papers or orders have been served upon Defendant in this action.

## ALLEGATIONS OF THE COMPLAINT

4.	Plaintiff alleges in the Complaint that he was employed by Wesleyan University as a University Catholic Chaplain on approximately August 17, 2015 until the time of his termination of June 8, 2022. (<u>See</u> Compl. ¶¶ 3, 18).

5.	Plaintiff alleges he was terminated and retaliated against on the basis of his age and religion in violation of state and federal law.  Specifically, Plaintiff alleges violations of Connecticut General Statutes § 46A-60(b)(1), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>, and the federal Age Discrimination in Employment Act, 29 U.S.C.§ 623. (<u>See</u> Compl., Third, Fourth, Fifth and Sixth Counts).  Plaintiff further alleges he was subjected to a hostile work environment.  (<u>See</u> Compl. Seventh Count.)

6.	In addition, Plaintiff alleges Defendant violated Connecticut General Statutes § 31-51m (Whistleblower) and Connecticut General Statutes § 31-51q (Free Speech) (<u>See</u> Compl., First and Second Counts).

## STANDARD FOR FEDERAL JURISDICTION

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## BASIS FOR REMOVAL

8. The District Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, thus rendering removal proper under 28 U.S.C. § 1441(a).

9. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and under the federal Age Discrimination in Employment Act, 29 U.S.C. § 623, and therefore his claims arise under the laws of the United States.

10. Defendant has filed a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court pursuant to 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Defendant has not and does not waive any defenses that it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Defendant prays that this action be removed to this Court.

DEFENDANT – WESLEYAN UNIVERSITY

By   /s/ Patricia E. Reilly
     Patricia E. Reilly – ct08352
     preilly@murthalaw.com

Murtha Cullina LLP
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone:  203.772.7700
Facsimile:   203.772.7723
Its Attorneys

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| One Court Street, Middletown, CT 06457 | (860) 343 - 6400 | 11/28/2023 |

| ☒ Judicial District    G.A. ☐ Housing Session   Number: | At (City/Town) Middletown | Case type code (See list on page 2) Major: M    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Brown, Paindiris & Scott, LLP., 100 Pearl Street, 10th Fl. hartford, Ct 06103 | 020767 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 522 - 3343 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) bnewman@bpslawyers.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: William Wallace <br> Address: 737 Ridge Road, Middletown, CT 06457 | P-01 |
| Additional plaintiff | Name: <br> Address: | P-02 |
| First defendant | Name: Wesleyan University, 45 Wyllys Avenue, Middletown, CT 06459 <br> Address: Agent for Service: Michael S. Roth, President, 229 High Street, Middletown, CT | D-01 |
| Additional defendant | Name: <br> Address: | D-02 |
| Additional defendant | Name: <br> Address: | D-03 |
| Additional defendant | Name: <br> Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 10/23/23 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing Bruce E. Newman, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Print Form     Page 1 of 2     Reset Form

| | |
|---|---|
| RETURN DATE: NOVEMBER 28, 2023 | : SUPERIOR COURT |
| | : |
| WILLIAM J. WALLACE | : JUDICIAL DISTRICT OF |
| | : MIDDLESEX |
| VS. | : AT MIDDLETOWN |
| | : |
| WESLEYAN UNIVERSITY | : OCTOBER 23, 2023 |

## COMPLAINT

FIRST COUNT: (Whistleblower Retaliation in Violation of CGS §31-51m)

1. The Plaintiff, William J. Wallace ("Wallace"), at all pertinent times complained of resided in Middletown, Connecticut.

2. The Defendant, Wesleyan University ("Wesleyan"), is a private college in Middletown, Connecticut.

3. In or around August 17, 2015, Wallace was hired as the University Catholic Chaplain and was at all times a Catholic priest in good standing having been ordained in 1974.

4. As part of his position in the Office of Religious and Spiritual Life ("ORSL"), Wallace had primary responsibility for worship and the development of the Roman Catholic community on campus. He also worked closely with other chaplains, associates, and advisors to respond to the needs of a spiritually diverse community. His responsibilities included presiding over weekly liturgies and other feasts; advising and counseling students on religious, academic, and personal issues; providing religious instruction and preparing students for sacraments; advising the Catholic Student Organization ("CSO") and assisting in leadership development; officiating at campus-wide events and facilitating programs that

1

encouraged the exploration of faith and spirituality; working with the inter-faith and inter-religious council; and collaborating with others on programs that were critical to students' attainment of cultural and religious competence and tolerance.

5. Throughout his seven years of full-time employment his annual performance reviews or appraisals consistently showed Wallace meeting or exceeding expectations.

6. In or around July 21, 2020, a part-time Muslim chaplain by the name of Omar Bayramoglu ("Omar"), who was also in ORSL, indicated to the director of ORSL, Rabbi David Leipziger Teva ("Teva"), that he was going to engage in some prison ministry work to supplement his income from Wesleyan, but would continue to work as a part-time chaplain in ORSL at Wesleyan. Those in ORSL knew that this was Omar's intention.

7. In or around July 30, 2020, Wallace received a campus-wide email from Human Resources announcing the departure of Omar from ORSL and the University. As a colleague of Omar, Wallace reached out to him and was shocked to learn that Omar was completely unaware that he was being involuntarily separated from the University.

8. As a consequence, Wallace sent an email to Teva, Dean of Students Richard Culliton ("Culliton"), Vice President of Student Affairs Michael Whaley ("Whaley"), and Associate Vice President for Human Resources Lisa Brommer ("Brommer") protesting the termination of Omar, the way it was handled, and the failure to properly communicate with Omar and with Wallace. In the e-mail Wallace encouraged them to do the right thing and to acknowledge that a mistake or misunderstanding had taken place, and to make a sincere attempt to resolve the problem in a manner that was satisfactory to Omar. This did not happen, and Omar left, leaving the Muslim student community without any spiritual leader.

9. On a Zoom call on October 7, 2020, with Whaley and Culliton, Wallace again raised the issue of Omar's termination and the lack of communication and collegial decision-making by Teva as director of ORSL. In that discussion, Wallace was sternly admonished by Whaley not to use the word "termination." Wallace also questioned the unilateral decision by Whaley over the summer to dismantle ORSL, reduce ORSL to one chaplain, and send the students off campus to the local places of worship in Middletown or the neighboring towns for their religious and spiritual resources.

10. Wallace then wrote to Wesleyan President Michael Roth on October 26, 2020, to state that the decision to permanently dismantle ORSL, reduce ORSL to one chaplain, and send students off-campus for their spiritual resources in the middle of a pandemic was flawed and misguided. At this time, there were no plans to replace the part-time Protestant chaplain who had resigned in March of 2020 at the start of the pandemic, or to replace the part-time Muslim chaplain, Omar, who was terminated in July of 2020.

11. At the end of October of 2020 Wallace sent a similar letter to the school newspaper, the *Argus*, which published the letter on October 29, 2020. The title of the letter was "The Beginning of the End of Wesleyan's Chaplains?" In the letter Wallace explored the significant contributions the chaplains make to the campus community and the importance of having them on campus. He also raised and questioned the unilateral decision by the Administration to permanently dismantle ORSL, reduce the chaplains to one, and send students off-campus for their religious and spiritual needs to clergy with little or no expertise or experience in ministering to college students, especially at the height of a pandemic. The letter generated wide-spread support of Wallace's position from students,

3

faculty, staff, and alumni. It also resulted in a subsequent in-depth investigation and article by the *Argus* over the events surrounding Omar's departure and Whaley's decision to dismantle ORSL.

12. In or around January 28, 2021, at the start of the Spring semester and in response to certain emails and the controversy about the dismantling of ORSL, Wallace was informed that Teva, the director of ORSL, had stated that "the Catholics and Protestants don't need a chaplain." In or around that same time, Wesleyan's Administration reversed course, abandoned its decision to dismantle ORSL, and agreed to hire a new full-time Muslim chaplain.

13. In or around June 10, 2021, in preparation for his annual review for the 2020-2021 academic year, Wallace submitted a "Performance Report for 2020-2021" reflecting his accomplishments for the year. This was sent to Whaley since Whaley was going to write Wallace's annual performance review or appraisal. This was followed by an outdoor meeting with Whaley and Wallace in or around June 23, 2021. At that meeting, Whaley, acting for Wesleyan, praised and thanked Wallace for his work and discussed many of Wallace's achievements and contributions to both the Catholic community and the community in general. In that oral discussion and evaluation Whaley did not make any specific references to any deficiencies with the work that Wallace had done for the University. There was no mention of a lack of teamwork on the part of Wallace, his advocacy for Omar, or his support for on-campus ministry to students by ORSL chaplains. There was also no mention of any communications, either oral or written, to the *Argus,* nor was there any criticism lodged against Wallace for sharing emails with the *Argus*.

14. At the time of this oral evaluation, the actual written performance appraisal or review that was written by Whaley had not been furnished to, or read by, Wallace. Wallace later discovered that, in stark contrast to the positive oral evaluation, the written evaluation was overwhelmingly negative. In addition, Wallace later learned that his annual compensation letter, which had also not been seen by Wallace at the time of his oral review, indicated that he would be receiving a 2% increase, in contrast to prior increases of 3% annually.

15. The search for the new Muslim chaplain was commenced by Teva over the summer of 2021 and Wallace specifically requested that the search committee be comprised of a representative committee that included Wallace and at least one member of the Muslim community. In or around September 22, 2021, Wallace learned that Teva, the "hiring manager" in charge of the search for the new Muslim chaplain, had deliberately excluded Wallace from the search committee. This decision was endorsed by Culliton and Whaley and was made over the strenuous objections of the Muslim students who wanted Wallace on the committee. Wallace objected to his exclusion from the search committee both orally and in written emails to Culliton, Whaley, and Brommer.

16. In or around October 20, 2021, Wallace provided to Whaley, Culliton, and Brommer a lengthy written rebuttal to Whaley's negative written performance review. On or about the same date, two full months into the Fall semester, Wallace received a written Performance Improvement Plan ("PIP") from Whaley reiterating Whaley's written criticisms and emphasizing the need for immediate improvement during the 2021-2022 academic year "to return to satisfactory performance" under threat of termination. In or

5

around November 11, 2021, Wallace objected to both the substance and timing of Whaley's imposition of a PIP and to the specific criticisms contained in the PIP and characterized them as retaliatory in nature. In subsequent emails, Wallace requested that Teva's exclusion of Wallace from the search committee over the objections by the Muslim students be possibly investigated, and Wallace further questioned whether he was being retaliated against for advocating on behalf of Omar and the Muslim students, for speaking to the *Argus* about Omar's termination and the attempt to dismantle ORSL and reduce the chaplain staff to one, and for questioning the decision to send students off campus for their religious and spiritual needs.

17. In or around March 1, 2022, Wallace learned from students that the six-month search for the new Muslim chaplain ended in failure. Wallace discovered that Teva and the search committee from which Wallace had been excluded, had initially offered the position to a candidate, only to find out later that the candidate they had selected had a previous arrest record for assaulting a student.

18. Wallace was victimized by director Teva's consistent refusal to communicate and collaborate and by Teva's exclusion of Wallace from serving on the search committee; was criticized and penalized by Whaley and Culliton for speaking out about Omar's termination and the decision to dismantle ORSL; was placed on a disciplinary Performance Improvement Plan by Whaley for the 2021-2022 academic year, and ultimately discharged on June 8, 2022, as a result of his complaints about the termination of the Muslim chaplain, the dismantling of ORSL, and communicating with the *Argus*, in violation of Connecticut General Statutes §31-51m.

19. As a result of the wrongful discharge by Wesleyan, the Plaintiff has and will continue to suffer a loss of income and the benefits of employment.

20. As a result of the wrongful discharge by Wesleyan, the Plaintiff has suffered emotional distress, humiliation, and a loss of quality of life.

SECOND COUNT: (FREE SPEECH RETALIATION IN VIOLATION OF C.G.S. §31-51q)

1. The Plaintiff William J. Wallace ("Wallace") hereby refers to paragraphs 1 through 20 of the First Count and incorporates by this reference each and every allegation as though fully set forth herein.

21. In making complaints to the Administration at Wesleyan and speaking out about the handling of the termination of Omar to individuals within ORSL, the decision to dismantle ORSL, writing a letter to the school newspaper, the *Argus*, and advocating for the Muslim students, Wallace was exercising his free speech in matters of public concern, protected by the First Amendment of the United States Constitution and Sections 3, 4 and 14 of the Connecticut Constitution.

22. The exercise of these rights did not materially interfere with Wallace's duties at Wesleyan, nor did it interfere with the performance of his job or his working relationship with Wesleyan.

23. Wallace was penalized in terms of his performance appraisal for the 2020-2021 school year and was put on a disciplinary Performance Improvement Plan for the 2021-2022 academic year and, ultimately, he was terminated as a result of exercising his rights of free speech in writing to the school newspaper and complaining to the administration of

7

defendant University.

24. Specifically, the negative reviews and ongoing hostility through his termination in June of 2022 was in retaliation for his complaints about legitimate public concerns for having a college institution free of religious discrimination.

THIRD COUNT: (RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

1. The plaintiff hereby incorporates by reference paragraphs 1 through 24 of the Second Count as though fully set forth herein.

25. The firing of Wallace by Wesleyan was in violation of Title VII of the Civil Rights Act as Wallace was discriminated against due to his religion, Catholicism. Teva, the head of ORSL had stated that a Catholic chaplain was not necessary at the University.

26. Furthermore, he was terminated because he spoke out on behalf of Muslim students and a terminated Muslim Chaplain. This was in violation of his rights to be free from religious discrimination.

FOURTH COUNT: (VIOLATION OF CONNECTICUT GENERAL STATUTES § 46A-60(b)(1)—RELIGIOUS DISCRIMINATION)

1. The plaintiff hereby incorporates by reference paragraphs 1 through 24 of the Second Count as though fully set forth herein.

25. The firing of Wallace by Wesleyan was in violation of Connecticut General Statutes §46a-60(b)(1) in that it constituted a violation of the Connecticut Fair Employment Practices Acts prohibition against discrimination on the basis of religion. Specifically, Wallace was discriminated against due to his religion, Catholicism. Teva, the head of ORSL

8

had stated that a Catholic chaplain was not necessary at the University.

26. Furthermore, he was terminated because he spoke out on behalf of Muslim students and a terminated Muslim Chaplain. This was in violation of his rights to be free from religious discrimination.

FIFTH COUNT: (VIOLATION OF CONNECTICUT GENERAL STATUTES § 46A-60(b)(1)—and ADEA-AGE DISCRIMINATION)

1. The plaintiff hereby incorporates by reference paragraphs 1 through 23 of the Second Count as though fully set forth herein.

24. The firing of Wallace by Wesleyan was in violation of Connecticut General Statutes §46a-60(b)(1) in that it constituted a violation of the Connecticut Fair Employment Practices Acts prohibition against age discrimination. His discharge was also in violation of the Age Discrimination in Employment Act.

25. Wallace is 75 years of age and a motivating factor in terminating his employment in June of 2022 was his age. Specifically, Wallace was 73 at the time of his discharge, and this was improperly considered in ending his employment.

SIXTH COUNT: (RETALIATION IN VIOLATION OF CFEPA AND TITLE VII)

1. The plaintiff hereby incorporates by reference paragraphs 1 through 20 of the First Count as though fully set forth herein.

21. Following Wallace's remarks about the discharge of Omar, and his opposition to the treatment of Omar, he was under scrutiny and isolated within the ORSL. Wallace's actions in complaining about this termination of the Muslim Chaplain constituted protected

activity as he spoke out about discriminatory conduct toward his former colleague.

22. This was followed by the decision to keep him off the search committee for a new Muslim Chaplain. Then, for academic year 2021-2022 he was disciplined by being placed on a Performance Improvement Plan.

23. Ultimately, he was terminated on June 8, 2022. All of this conduct was in retaliation for raising concerns about the discharge of Omar. This was in violation of his rights to be free from retaliation under Title VII and the Connecticut Fair Employment Practices Act ("CFEPA.")

SEVENTH COUNT: (HOSTILE WORK ENVIRONMENT)

1. The plaintiff hereby incorporates by reference paragraphs 1 through 23 of the Sixth Count as though fully set forth herein.

24. Wallace was subjected to a hostile work environment based on his opposition to the treatment of the Muslim Chaplain, Omar, and his protected activity in protesting both the firing of Omar and the dismantling of the ORSL. The entirety of the conduct of defendant University in treating Wallace following Omar's discharge up until his discharge was pervasive and severe and altered Wallace's work environment in a negative, hostile manner and he sustained damages as a result of this hostile environment.

10

WHEREFORE, the plaintiff claims:

1. Fair, just and adequate monetary damages;

2. Punitive damages on all counts;

3. Attorney's fees on all counts;

4. Costs of suit incurred herein;

5. Such other and further relief as the Court may deem just and proper.

PLAINTIFF, WILLIAM J. WALLACE

By: *(signature)*

Bruce E. Newman
Brown, Paindiris & Scott, LLP
100 Pearl Street, 10th Floor.
Hartford, CT 06103
Tel.: (860) 522-3343
Fax: (860) 522.2490
Juris No. 401277

His Attorneys

| | |
|---|---|
| RETURN DATE: NOVEMBER 28, 2023 | : SUPERIOR COURT |
| | : |
| | : JUDICIAL DISTRICT OF |
| WILLIAM J. WALLACE | : MIDDLESEX |
| | |
| VS. | : AT MIDDLETOWN |
| | : |
| WESLEYAN UNIVERSITY | : OCTOBER 23, 2023 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount, legal interest or property in demand is more than fifteen thousand ($15,000.00) dollars, inclusive of interest and costs.

PLAINTIFF, WILLIAM J. WALLACE

By_____
Bruce E. Newman
Brown, Paindiris & Scott, LLP
100 Pearl Street, 10th Floor.
Hartford, CT 06103
Tel.: (860) 522-3343
Fax: (860) 522.2490
Juris No. 401277

His Attorneys

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, a copy of the foregoing Notice of Removal was sent via e-mail to:

Bruce E. Newman
Brown, Paindiris & Scott, LLP
100 Pearl Street, 10th Floor
Hartford, CT 06103
Email:  bnewman@bpslawyers.com

    /s/ Patricia E. Reilly
Patricia E. Reilly